DAVID R. EBERHART (S.B. #195474)
deberhart@omm.com
LUANN L. SIMMONS (S.B. #203526)
lsimmons@omm.com
SINA ARIA (S.B. #287529)
saria@omm.com
HANNAH Y. CHANOINE (*pro hac vice*)
hchanoine@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center
28th Floor
San Francisco, California  94111-3823
Telephone:  +1 415 984 8700
Facsimile:  +1 415 984 8701

Attorneys for Defendant APPLE INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| ZOMM, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>APPLE INC.,<br><br>　　　　　Defendant. | Case No. 4:18-cv-04969-HSG<br><br>**DEFENDANT APPLE INC.'S OBJECTIONS TO PLAINTIFF ZOMM, LLC'S STATUS REPORT REGARDING IPR PETITIONS**<br><br>Judge:  Haywood S. Gilliam, Jr. |

Defendant Apple Inc. objects to Plaintiff Zomm, LLC's Status Report Regarding Apple's IPR Petitions (ECF 78) ("Zomm's Filing"). Although styled as a factual "Report," it is in essence a non-noticed motion for reconsideration of Apple's fully briefed and granted motion to stay in view of Apple's initial IPR petitions (ECF 75). *See, e.g.,* ECF 78 at 3 ("Zomm requests that the Court lift the stay and let the district court case and the IPRs proceed concurrently."). Because Zomm failed to seek or obtain leave to file a motion for reconsideration, as required by Civil L.R. 7-9, the Court should not consider Zomm's Filing.

In addition to being procedurally improper, Zomm's Filing is substantively without merit. First, Zomm materially misrepresents the facts. Zomm claims that "Apple neglected to diligently find and use" the Tran prior art patent. ECF 78 at 2. That is wrong. As set forth in a sworn declaration filed with Apple's Tran IPR petition, Apple diligently searched for prior art internally and in publicly-available databases before filing its initial IPR petitions in November 2018, and none of the search results included Tran. In February 2019, while reviewing licenses for its Patent L.R. 3-4 production, Apple found the Tran patent and determined it is relevant prior art. Apple then worked diligently to prepare and file a petition based on Tran.

Zomm also accuses Apple of "fail[ing] to inform the Court and Zomm" of Tran at the Court's March 21, 2019 hearing on Apple's motion to stay. *Id*. That is misleading at best. Apple "informed" Zomm of the Tran reference in its February 25, 2019 Invalidity Contentions. And at the hearing, Apple addressed the issue before the Court—whether the Court should stay the litigation based on the IPR petitions filed in November 2018, neither of which rely on Tran. Moreover, at the time of the hearing, Apple had not completed its analysis to determine whether it would, in fact, file a petition based on the Tran prior art. Apple diligently completed its analysis and filed that petition on April 30, 2019. Zomm's accusations that Apple is gaming the litigation and withholding information from the Court are reckless and contrary to the facts.

Second, Zomm's Filing is premature. Zomm argues the Court should not extend the stay "pending the resolution of all three IPRs." ECF 78 at 2. But Apple has not requested that the Court stay the case pending resolution of the Tran IPR. If and when the Tran IPR is instituted, the

1  parties and, if appropriate, the Court can determine what implications, if any, that has on the
2  status of the case.
3    The Court should strike or disregard Zomm's improper filing.

Dated: May 23, 2019                    **O'MELVENY & MYERS LLP**

　                                       /s/ *Luann L. Simmons*
                                        Luann L. Simmons
                                        O'MELVENY & MYERS LLP

                                        Attorneys for Defendant Apple Inc.