MICHAEL J. ZINNA (*pro hac vice*)
mzinna@kelleydrye.com
DAVID G. LINDENBAUM (*pro hac vice*)
dlindenbaum@kelleydrye.com
WHITNEY M. SMITH (*pro hac vice*)
wsmith@kelleydrye.com
**KELLEY DRYE & WARREN LLP**
101 Park Avenue
New York, New York 10178
Telephone    212-808-7800
Facsimile    973-503-5950

ANDREW HOMER (State Bar No. 259852)
ahomer@kelleydrye.com
TAHIR BOYKINS (State Bar No. 323441)
tboykins@kelleydrye.com
**KELLEY DRYE & WARREN LLP**
10100 Santa Monica Boulevard, 23rd Floor
Los Angeles, California 90067
Telephone:   310-712-6100
Facsimile:   310-712-6199

*Attorneys for Plaintiff ZOMM, LLC*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| ZOMM, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>        Defendant. | Case No. 4:18-cv-04969-HSG<br><br>**ZOMM'S RESPONSE TO APPLE'S OBJECTIONS TO ZOMM'S STATUS REPORT REGARDING APPLE'S IPR PETITIONS**<br><br>Judge:  Haywood S. Gilliam, Jr. |

Zomm's Status Report (Dkt No. 78) does not ask the Court to reconsider the Court's March 22, 2019 Order granting Apple's motion to stay "at least until the PTAB's institution decision." Now that institution decisions have issued for Apple's first two IPRs, the Court may determine whether— and in what form—to extend the stay. Zomm's Status Report also is not "premature" as Apple alleges—it provides the Court with a full picture of recent developments for that determination. In fact, Apple initially proposed that the parties submit a Joint Status Report concerning the institution decisions, with a short section about the third IPR tucked away

in a footnote. Zomm instead felt that the Court should have a more complete understanding of the circumstances surrounding Apple's third IPR Petition.

Regarding Apple's proffered excuses regarding the Tran reference, while Apple alleges that it diligently searched for prior art, it does not explain why it should not be held to account for overlooking a patent it licensed from a third party, and for failing to review its license agreements for prior art until it prepared its invalidity contentions. And even if the Court accepts the date on which Apple allegedly "found" Tran, Apple does not deny that it "sat on its hands" at the March 21, 2019 Hearing before the Court. Apple asserts that it "had not completed its analysis" by that time, but in the interest of full disclosure, when the Court was considering Apple's first two IPR Petitions in the context of Apple's motion for a stay, Apple should have at least disclosed that it was considering whether to file a third IPR.

The information set forth in Zomm's Status Report should therefore be considered by the Court when determining whether and to what extent the stay should be extended.

Dated: May 24, 2019

**KELLEY DRYE AND WARREN LLP**

 /s/ *Michael J. Zinna*
Michael J. Zinna (admitted *pro hac vice*)
mzinna@kelleydrye.com
David G. Lindenbaum (*pro hac vice*)
dlindenbaum@kelleydrye.com
Whitney M. Smith (*pro hac vice*)
wsmith@kelleydrye.com
101 Park Avenue
New York, New York  10178
Telephone: (212) 808-7800

ANDREW HOMER (State Bar No. 259852)
ahomer@kelleydrye.com
TAHIR BOYKINS (State Bar No. 323441)
tboykins@kelleydrye.com
10100 Santa Monica Boulevard, 23rd Floor
Los Angeles, California 90067
Telephone:    310-712-6100
Facsimile:    310-712-6199

*Attorneys for Plaintiff ZOMM, LLC*